UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

RAYMOND JEROME FRANCIS, a/k/a
Raymond Rudone Ramsey,
            *Defendant-Appellant.*

No. 02-4292

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-96-21)

Submitted: January 15, 2003

Decided: April 15, 2003

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Neil I. Jacobs, NEIL I. JACOBS LAW OFFICES, Rockville, Maryland, for Appellant. Robert James Conrad, Jr., United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Raymond Jerome Francis of conspiracy to possess with intent to distribute and to distribute crack cocaine, distribution of crack, and using or carrying a firearm during and in relation to a drug trafficking offense. The district court sentenced Francis to a 324-month prison term on the drug counts and a consecutive sixty-month term on the firearm count, to be followed by five years of supervised release. This court affirmed his convictions and sentence. *United States v. Barber*, No. 97-4983(L), 1999 WL 95539 (4th Cir. Feb. 17, 1999) (unpublished).

Francis then filed a motion under 28 U.S.C. § 2255 (2000), in which he challenged his drug convictions and sentence in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The district court reduced Francis' sentence on the drug counts to 240 months, finding that *Apprendi* applied retroactively to cases on collateral review. We reversed and remanded the case to the district court with instructions for the court to reimpose the original 324-month sentence and five-year supervised release term. *United States v. Francis*, No. 01-4014(L), 2002 WL 86827 (4th Cir. Jan. 23, 2002) ("*Francis I*"), *cert. denied*, 122 S. Ct. 2641 (2002). On remand, the district court followed our mandate in *Francis I* and amended the criminal judgment. Francis appeals.

Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), challenging the district court's imposition of the original 324-month term of imprisonment as directed by this Court in *Francis I* but noting that all viable issues were raised in prior appeals. Francis has filed a pro se supplemental brief, contending that the indictment failed to charge drug quantity and did not reference the penalty provisions in 21 U.S.C. § 841(b) (2000), and that the district court erred in sentencing him based upon erroneous information in the presentence report. Francis also asserts that he is "actually innocent" of the enhanced sentence because the evidence of drug quantity at trial was not "overwhelming." Finally, Francis asserts that *Apprendi* has been made retroactive to cases on collateral review. As support, he relies

on the Supreme Court's decision in *Harris v. United States*, 122 S. Ct. 2406 (2002).

Francis is precluded from relitigating issues raised in prior appeals under the law-of-the-case doctrine. *See United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) (discussing doctrine and exceptions thereto). Francis contends, however, that the Supreme Court in *Harris* made *Apprendi* retroactive to cases on collateral review and, therefore, that "controlling authority has since made a contrary decision of law applicable to the issue." *Id.* We disagree and hold that none of the exceptions to the mandate rule applies to allow us to review the claims Francis raised in prior proceedings.

Counsel also notes in the Statement of Facts section of the appellate brief that the district court reimposed the original sentence on remand "without a hearing or any input from the Appellant." (Appellant's Br. at 6). Counsel does not develop this statement in the argument section of the brief. Because this issue arises from the district court's entry of the amended judgment on remand, it is properly before us.

Assuming, without deciding, that Francis' presence was required when the district court reimposed the original sentence in accordance with our specific mandate in *Francis I*, *see* Fed. R. Crim. P. 43, we find that any error was harmless. *See United States v. Parsons*, 993 F.2d 38, 42 (4th Cir. 1993) (providing standard and citing *Rogers v. United States*, 422 U.S. 35, 40 (1975)). The district court had no discretion or jurisdiction to do anything but amend the judgment in accordance with our specific directive. *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) ("Few legal precepts are as firmly established as the doctrine that the mandate of a higher court is controlling as to matters within its compass.").

With our review under *Anders* proscribed by the law-of-the-case doctrine, we find no meritorious issues on appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Coun-

sel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*